**Nanette BLAIR, Plaintiff,**

v.

**ALL STARS SPORTS CABARET, All Stars Denver, L.P., W.C.C. Acquisitions, Inc., a Colorado corporation; Lowrie Management, LLLP; Lawrence Ballani and Troy Lowrie, Defendants.**

**No. CIV.A. 99–K–49.**

United States District Court, D. Colorado.

June 14, 2000.

Darold W. Kilmer, Mari Newman, Miller, Lane, Killmer & Greisen, LLP, Denver, CO, for Plaintiff.

Michael Krieger, Krieger Hale & Mulcahy, Englewood, CO, for Defendants.

ORDER

KANE, Senior District Judge.

On May 17, 2000, Blair filed a Notice of Supreme Court Decision on Constitutionality of the Violence Against Women Act, informing the court of the recent decision of *United States v. Morrison,* —— U.S. ——, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). In *Morrison,* a five to four majority held Congress lacked authority to enact the civil remedies provision of the Violence Against Women Act, codified at 42 U.S.C. § 13981, under either § 8 of the Commerce Clause or § 5 of the Fourteenth Amendment, which Congress had explicitly identified as the sources of federal authority for § 13981. This decision impacts the claims extant in the instant action.

The court ordered Blair on or before June, 15, 2000 to show cause, if any, in writing why an order in the terms below should not enter. On June 7, 2000, Blair responded to the order to show cause stating that she could think of no reason why, given the decision in *Morrison,* the court should not enter such order. Accordingly,

IT IS ORDERED THAT:

(1) The Memorandum Opinion and Order of March 6, 2000 is VACATED insofar as it granted summary judgment against Ballani on the Second Claim for Relief for gender-motivated violence under 42 U.S.C. § 13981;

(2) Blair's Motion for Partial Summary Judgment is DENIED insofar as it seeks judgment against the Corporate Defendants on the Second Claim for Relief for gender-motivated violence under 42 U.S.C. § 13981;

(3) The Second Claim for Relief for gender-motivated violence under 42 U.S.C. § 13981 is DISMISSED and the case shall proceed on the remaining claims for (1) sexual harassment in violation of Title VII against the corporate defendants; (3) neg-

ligent hiring, supervision and retention against all Defendants except Ballani; (6) false imprisonment against Ballani; (7) outrageous conduct against all Defendants; and (8) invasion of privacy; intrusion upon seclusion against Ballani.